UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SANDRA WIER                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO.4:18-CV-105-DAS

COMMISSIONER OF SOCIAL SECURITY                                                DEFENDANT

FINAL JUDGMENT

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

The plaintiff has raised four issues in this appeal. First, she challenges the ALJ's evaluation of the medical opinions in the case. The ALJ gave great weight to the opinion of the non-examining state disability determination doctor; no weight to the opinions of the treating specialist physician; and only partial weight to the opinion of the consulting examiner. Both the treating and consulting examiner found that the plaintiff's concentration was poor, while the non-examining physician found she only had moderate difficulties with maintaining concentration, persistence and pace. When the opinions of non-examining physicians, as in this case, are contradicted by the findings and opinions of examining physicians, those opinions do not constitute "substantial evidence on which to base an administrative decision." *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980). Therefore, the court must find the RFC assessed and the decision denying benefits are not supported by substantial evidence.

The plaintiff also contends that the ALJ erred in not finding that her arthritis is a severe impairment. Because of the low threshold for finding an impairment is severe established in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), the finding that the plaintiff's arthritis is not severe appears to be inconsistent with the *Stone* standard and the medical evidence in this case. Furthermore, because the ALJ made *no* allowance for any physical limits in assessing the RFC at Step Four, the court cannot find the Step Two error is harmless. The case is remanded for reconsideration at Step Two and/or in the assessment of the RFC, to determine if, and the extent to which, the plaintiff's arthritis imposes any physical or other limitations on her.

The plaintiff contends that the ALJ erred in finding that the plaintiff did not meet the listing at 12.06 for anxiety and obsessive-compulsive disorder. Because the evaluation at Step Three relied upon the opinion of the DDS physician and disregarded the opinions of the examining physicians, it is not supported by substantial evidence. The court must remand the Step Three determination for reconsideration.

Finally, the plaintiff contends that the ALJ erred in the evaluation of the third-party statement by the plaintiff's husband, arguing that the decision denying her claim substantially mischaracterized the statement. She also complains of the failure to consider/mention the third-party statement by her former supervisor, which provided information about the plaintiff's actual work performance, attendance and difficulties in maintaining concentration and pace. The court finds that the ALJ should reconsider these statements on remand and, consistent with SSR 06-03p, which remained in effect at the time of the application, advise of the weight given to these statements.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is reversed and remanded for further proceedings consistent with the rulinWieg of the court and this judgment.

SO ORDERED AND ADJUDGED this the 15th of May, 2019.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE