IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SANDRA OVERSTREET WIER**  **PLAINTIFF(S)**

**V.**  **CIVIL ACTION NO. 4:18-CV-105-DAS**

**KILOLO KIJAKAZI,[1]**
**ACTING COMMISSIONER OF**
**THE SOCIAL SECURITY COMMISSION**  **DEFENDANT(S)**

## ORDER GRANTING MOTION FOR ATTORNEY FEES

This matter is before the court on the motion of plaintiff's counsel for approval of attorney fees pursuant to 42 U.S.C. § 406(b). The attorneys began representing this plaintiff in the administrative proceedings in 2016. The plaintiff agreed to pay her attorneys the statutory maximum contingency of twenty-five percent of her back benefits for their representation. The attorneys appealed the initial unfavorable decision of the ALJ, as affirmed by the Appeals Council, to this court and submitted a brief in support of the appeal. The court, after oral argument, reversed and remanded the case for further consideration.

In July 2019, this court awarded $ 5,054.31 in EAJA attorney fees and expenses, but counsel received only $ 2,644.90 of the award as the Internal Revenue Service claimed the balance of the award based on the plaintiff's tax lien. On remand, the plaintiff received a fully favorable decision. The Commissioner sent the notice of award on July 5, 2011. The Commissioner does not contest that the motion is timely filed.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of the Court is directed to amend the docket to reflect the substitution of parties.

Three different statutes govern the allowance of attorney fees to counsel for successful claimants. Under 42 U.S.C.§ 406(a), the Social Security Administration will allow up to 25% of the back benefits for representation at the administrative level, capped at $ 6,000.00. Counsel has or will receive this sum directly from the Social Security Administration.

Two different statutes govern the allowance of attorney fees for representation in the courts: the Equal Access to Justice Act, 28 U.S.C. § 2414 and 42 U.S.C. § 406(b). Awards can be made under both statutes in appropriate cases, with an offset of EAJA fees against § 406(b) fees. Under EAJA, attorney fees are awarded to the prevailing party in an action against the United States and its agencies where the government's position lacks substantial justification.

Under 42 U.S.C § 406(b), the courts award "reasonable" attorneys fee when successful federal court representation ultimately leads to an award of benefits to the Social Security claimant. The Supreme Court has held that, while the courts must assure that § 406(b) fees are reasonable, the provisions of that section are not meant to "displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants." *Giesbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). While the courts may look at a lodestar analysis in assessing the reasonableness of attorney fees, the Supreme Court made clear that attorneys are not limited to recovery of a lodestar amount when they are successful in representing SSA claimants.

Counsel requests an award of $ 16,906.85 for federal court representation. The plaintiff's accrued back benefits amounts to $102,207.00. The full potential 25% contract attorney fee in this case is $ 25,5551.75. In making this request, counsel has subtracted the administrative fee

2

award of $ 6,000.00 from the total. The requested fees also represent a reduction of the fees requested by offsetting the EAJA fees received to come to the total request in this motion.

In considering the reasonableness of a fee award, the court looks to multiple factors. This court appreciates the time and expertise shown by attorneys who specialize in representing social security claimants. The risk of loss in this representation is real, substantial, and unavoidable, regardless of the skill of counsel in selecting and prosecuting cases. In addition to the risk of loss, counsel is assured that they will wait for years to be paid for their services. While the court will not rubber stamp contracts for the standard 25% contingency if in a particular case it would amount to a windfall for the attorney, between the skill required, the risk of loss accepted, the long delays endemic in the processing of claims by the agency and the further delays when federal court appeals are necessary, the maximum contingency fee is frequently also a "reasonable fee."

The court has considered not only the ultimate success in this case but the above factors. It has considered the quality of representation both in briefing and presentation of oral argument. While not attached to this motion, the court has reviewed the itemization presented to the court in support of the EAJA award, and the court finds the requested fee is reasonable.[2]

**IT IS, THEREFORE, ORDERED** that the motion for allowance of attorney fees be granted. The Commissioner is directed to pay to counsel the sum of $ 16,906.85, less the normal

---

[2] The Commissioner again objects to counsel seeking to offset the EAJA fees against the 406(b) award, instead demanding that the court award the full 406(b) fees and then requiring counsel to make the reimbursement to the claimant. The court has previously ruled that EAJA does not require this procedure and will not order it. The offset complies with the requirements of EAJA to prevent a double recovery. *Bradford v. Commissioner of Social Security*, 2020 WL 5995690 (N.D. Miss. Oct. 9. 2020).

administrative charges. The Commissioner is directed to pay the balance of withheld back benefits to the plaintiff.

    **SO ORDERED** this the 12th day of August, 2017.

                                        /s/ David A. Sanders
                                        **UNITED STATES MAGISTRATE JUDGE**